FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 JAN 16  A 11: 18
CLERK C Cadell
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAMON ENRIQUE MEJIAS NEGRON,

    Petitioner,

v.

JOSE VASQUEZ, Warden and
ATTORNEY GENERAL OF UNITED
STATES,

    Respondents.

CIVIL ACTION NO.:CV206-263

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ramon Mejias Negron ("Negron"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Negron has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial, Negron was convicted in the District Court of Puerto Rico of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), in Case Number 3:89-CR-252. He was sentenced to 360 months' imprisonment and ten years' supervised release on December 12, 1991. It does not appear that Negron filed a direct appeal from his conviction and sentence. Negron has filed at least four (4) motions to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District Court of Puerto Rico.

AO 72A
(Rev. 8/82)

Negron also filed at least three (3) previous petitions for writ of habeas corpus pursuant to § 2241 in this Court. (CV298-179; CV203-155; and CV205-42.) In his petition in Case Number CV205-42, Negron asserted that he was sentenced without having read and discussed the Pre-Sentence Investigation Report with his court-appointed attorney. Negron also asserted that he was found to be mentally incompetent before sentencing. Negron alleged that his sentence was executed in an illegal manner and that he had ineffective assistance of counsel. Negron averred that the probation officer assessed enhancements to him, which violated the ex post facto clause.

In the instant petition, Negron asserts that he never received a copy of his Pre-Sentence Investigation Report prior to being sentenced. Negron also asserts that the probation officer considered charges for which he was indicted to be an actual conviction for purposes of her recommendation to the sentencing judge. Negron further asserts that his trial counsel was ineffective for failing to move the trial court to re-sentence him. Negron contends that he completed his sentence on July 6, 2006, and, therefore, seeks his immediate release from custody.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir.

2

1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Negron has not shown that his claims are based upon a retroactively applicable Supreme Court decision, nor has he shown that he was convicted of a nonexistent offense based on a Supreme Court decision. Additionally, Negron, who obviously is no stranger to post-conviction litigation, has not established that circuit law foreclosed his claims on earlier occasions. In fact, it appears that Negron has made, unsuccessfully, some of the same claims in his previously filed § 2241 petitions as he does in the instant petition. Negron cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Negron is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED** and Negron's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5